James Weiler, AZ Bar No. 034371
**WEILER LAW, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com

Attorneys for Plaintiff
Cathy Mollinea

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Cathy Mollinea** and her spouse, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **Highmark Inc. d/b/a Highmark Health Plan, Highmark BlueCross Blue Shield, and Highmark Blue Shield** a Pennsylvania non-profit corporation; **Highmark Health**, a Pennsylvania Nonprofit Corporation; and **XYZ Corporations,** <br><br> Defendants. | Case No. <br><br><br> **CLASS ACTION COMPLAINT** <br><br><br> **(Jury Trial Demanded)** |

Plaintiffs Cathy Mollinea ("Plaintiff"), and her spouse, on behalf of herself and all others similarly situated (the "Class"), brings this Complaint against Defendants Highmark Inc. d/b/a Highmark Health Plan, Highmark BlueCross Blue Shield, and Highmark Blue Shield and Highmark Health ( collectively "Highmark" or "Defendants") and the XYZ Corporation Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1. This case involves Plaintiff and the Class which consists of hundreds or thousands of insurance agents who sold Defendants' health insurance policies.

2. Plaintiff and the Class (collectively "Plaintiffs") entered into contracts with brokers, Field Marketing Organizations ("FMOs") or general agents (collectively "Brokers") whereby the Brokers would receive commissions received from Defendants for the sale of health insurance policies issued by Defendants and make payment of those commissions to Plaintiffs.

3. The Brokers in turn entered into contracts with Defendants whereby Defendants would pay commissions to the Brokers for all health insurance policies sold by Plaintiffs.

4. In reliance upon the promise that they would receive commissions for their sales efforts, Plaintiffs sold health insurance policies that were issued by Defendants.

5. Upon information and belief, Defendants unlawfully and in violation of the contracts with the Brokers failed to issue commission payments to broker for all health insurance policies sold by Plaintiffs, or in the alternative negligently failed to maintain records sufficient to link the payments they made to the Brokers to the sales made by Plaintiffs, caused significant delays in the payment of commissions, and/or caused Plaintiffs to receive lower commissions than they would have otherwise received but for Defendants' conduct.

6. As a result of the unpaid and/or delayed commissions, Plaintiffs were damaged by the loss and deprivation of use of commissions funds.

7. Further, Defendants received compensation and generated revenue from the health insurance policies sold by Plaintiffs. Defendants breached their obligations and duties to Plaintiffs as well as their contractual obligations to the Brokers to pay commissions to Plaintiffs and as a result were unjustly enriched to the detriment of Plaintiffs.

**PARTIES, JURISDICTION AND VENUE**

8. Plaintiff Cathy Mollinea and her spouse reside in Arizona. At all times relevant, Cathy Mollinea was a licensed insurance agent who sold health insurance policies pursuant to an enforceable contract with Brokers.

9. At all times relevant, the Brokers had a valid and enforceable contract with Defendants whereby Defendants were to pay to brokers commissions for each health insurance policy sold by Plaintiff. Brokers were then to pay Plaintiff out of the commissions received from Defendants for each policy sold. Class Members are also licensed insurance agencies that sold health insurance policies issued by Defendants and were to be paid commissions by Defendants through brokers.

10. Upon information and belief, members of the Class reside in numerous states.

11. Upon information and belief, Defendant Highmark Inc. d/b/a Highmark Health Plan, Highmark BlueCross Blue Shield, and Highmark Blue Shield is a Pennsylvania non-profit corporation with its principal place of business in Pennsylvania.

12. Upon information and belief, Defendant Highmark Health is a Pennsylvania non-profit corporation with its principal place of business in Pennsylvania.

13. The actions giving rise to Plaintiffs claims were committed within the State of Arizona as well as several other states including Pennsylvania.

14. The court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d) because this is a class action involving more than 100 class members in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and in which at least one member of the Class is a citizen of a state different than Defendants.

15. The Court has personal jurisdiction over Defendants because the acts alleged herein involved insurance agents, including Plaintiff Cathy Mollinea, who were located in the state of Arizona.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

17. At all relevant times, Plaintiff Cathy Mollinea was a licensed insurance agent engaged in the business of selling health insurance policies.

18. From 2016 through present, Plaintiffs have sold insurance policies issued by Defendants to customers.

19. Defendants are in the business of issuing health insurance policies pursuant to the Affordable Care Act.

20. It was Defendants' practice to require insurance agents and Brokers to contract with Brokers in order to receive commissions for the insurance policies they sold for Defendants.

21. Defendants advertised to insurance agents and Brokers that they would pay a flat fee commission per household member for each insurance policy sold.

22. Upon information and belief, the Brokers would receive an administration

fee for collecting the commissions paid by Defendants and then disbursing those commissions to Plaintiffs that sold the health insurance policy.

23. From in or around 2016 through 2021, Plaintiff entered into a contract with HealthMarkets Insurance Agency ("HealthMarkets") a licensed health insurance brokerage. During this same period, HealthMarkets had a contract with an FMO by the name of Emerson Rogers f/k/a Emerson Reid Company, Inc.

24. Per the contractual agreements, Plaintiff would sell a health insurance policy which would entitle them to receive a commission from Defendants. Defendants would then issue the commission payment to Emerson Rogers. Emerson Rogers would then issue the commission payment to HealthMarkets. And finally, HealthMarkets would pay the commission to Plaintiff per the terms of the contract entered into between HealthMarkets and Plaintiff.

25. From on or about September 2021 until approximately March 2024, Plaintiff entered into an agreement with the FMO Kistler Tiffany Benefits whereby Defendants was to pay all commissions generated from sales of health insurance policies by Plaintiff to Kistler Tiffany Benefits.

26. Kistler Tiffany Benefits had a contract with Defendants whereby they would serve as an FMO for Defendants and make commissions payments to insurance agents for the health insurance policies issued by Defendants that they sold.

27. Upon receipt of commission payments from Defendants, Kistler Tiffany Benefits was to issue the commission payments to Plaintiff for all of the health insurance policies they sold.

28. From 2016 through Present, Plaintiff was not paid commissions for all health

insurance policies issued by Defendants that they sold to customers.

29. During the time period of 2016 through present, Plaintiff sold thousands of Defendants' insurance policies.

30. Upon information and belief, Defendants did not issue payment for all of the commissions owed to Plaintiff to the FMOs or brokers with whom Plaintiff had entered into a contract.

31. Alternatively, upon information and belief, Defendants failed to issue all payments for the commissions owed to Plaintiffs to the Brokers in a manner in which the Broker could identify that the commission was related to an insurance policy sold by Plaintiff and issue payment to Plaintiff accordingly.

32. Defendants breached its Contract to the Brokers by failing to pay all commissions for insurance policies sold by insurance agents that contract with the Brokers, like Plaintiff.

33. Defendants have not acted in good faith in their dealings with Plaintiff or the Brokers.

34. As a result of Defendants' acts or omissions Plaintiff has been significantly damaged in an amount to be proven at trial.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(1)-(3) seeking monetary relief on behalf of the following class (the "Class"):

> All persons and/or entities who, at any time during the Class Period, were an insurance agent or broker that sold health insurance policies issued by Defendants.

36. The Class Period is defined as the period of time between April 1, 2016

through present.

37. This action is properly maintained as a class action under Fed. R. Civ. P. 23(a) and (b)(1)-(3).

38. The class consists of thousands or more persons, such that joinder of all Class members is impracticable.

39. There are questions of fact and law that are common to all Class members and that predominate over questions affecting only individual members. These questions include, but are not limited to:

   a. Whether Defendants breached their agreements with Class members by failing to pay commissions on health insurance policies;

   b. Whether Defendants breach their contracts with Brokers to which Class members were third-party beneficiaries;

   c. Whether Defendants breached their promises to the Class members by failing to pay commissions on health insurance policies;

   d. Whether Defendants was unjustly enriched to the impoverishment of Class members by failing to pay commissions on health insurance policies;

   e. Whether Defendants breach other non-contractual duties owed to Class members by failing to pay commissions on health insurance policies;

   f. Whether Defendants breached their duties of good faith and fair dealing

owed to Class members;

g. Whether Defendants negligently or recklessly failed to maintain records sufficient to make commission payments to Class members; and

h. The appropriate type of damages owed to the Class.

40. The claims of Plaintiff are typical of the claims of the Class members because they are based on the same underlying facts and legal theories. Plaintiff has no interests that are antagonistic to the interests of other Class members.

41. Plaintiff is an adequate representative of the Class, and she has retained competent legal counsel experienced in class action and complex litigation.

42. A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy.  The pursuit of thousands of individual lawsuits would not be economically feasible for individual Class members, would cause a strain on judicial resources, and would increase the likelihood of inconsistent adjudications.  Each plaintiff in such individual lawsuits would need to prove virtually identical sets of facts in order to recover compensable damages.

43. This action does not present any unique management difficulties.

## COUNT I
### (BREACH OF CONTRACT)

44. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

45. Plaintiff and the Class entered into implied contracts with Defendants, in

which Defendants agreed to pay commissions to Plaintiff and the Class in exchange for selling health insurance policies.

46. Plaintiff and the Class performed services under the contracts by selling health insurance policies for Defendants.

47. Defendants breached the contractual agreements by failing to fully or timely pay commissions to Plaintiff and the Class.

48. As a direct and proximate result of Defendants' breach of contract, Plaintiff and Class members have been damaged. Damages include, but are not limited to, the loss of commissions and or the significant delays in the receipt of commissions.

49. Plaintiff and Class members are entitled to monetary damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

  A. Actual and compensatory damages, with interest;

  B. Restitution, disgorgement, and other equitable monetary relief;

  C. Attorneys' fees, litigation expenses, and costs;

  D. Any other relief this Court deems equitable and just.

## COUNT II
### (BREACH OF THIRD-PARTY BENEFICIARY CONTRACT)

50. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

51. Emerson Rogers, Kistler Tiffany Benefits, and other Brokers entered into contracts with Defendants, in which the FMOs agreed to perform administration services regarding the payment of commissions to insurance agents for health insurance policies sold by Plaintiff and Class members. The FMOs entered into contracts with brokers to

issue payments to the brokers for commissions entered into by the brokers insurance agents.

52. Plaintiff and Class members were express or implied intended third-party beneficiaries of the contracts between the Brokers and Defendants as well as the Agreements between Brokers. The Brokers' administration of the commission payments was intended to benefit Plaintiff and Class members regarding payment of commissions owed to them by Defendants.

53. The contracts required Defendants to issue payment for commissions owed to insurance agents for each health insurance policy sold. Defendants breached the contracts by failing to properly and timely pay all commissions. Defendants' breach of the contract, in turn, led to Plaintiff and Class Members not receiving commissions owed to them.

54. Plaintiff and Class Members are within the category of individuals – insurance agents- that were intended third party beneficiaries of the contract.

55. It was foreseeable to Defendants that a breach of its contractual duties could harm Plaintiff and Class members.

56. As a direct and proximate result of Defendants' breach of the contracts, Plaintiff and Class members have been damaged. Damages include, but are not limited to, the loss of commissions and significant delays in the receipt of commissions.

57. Plaintiff and Class members are entitled to monetary damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

A. Actual and compensatory damages, with interest;

B. Restitution, disgorgement, and other equitable monetary relief;

C. Attorneys' fees, litigation expenses, and costs;

D. Any other relief this Court deems equitable and just.

## COUNT III
### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

58.  Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

59.  Defendants owed a duty to Plaintiff and the Class to perform their commission payment obligations with due care and to exercise good faith and fair dealing in performing those obligations.

60.

61.  There is an implied covenant under the law that neither party to a contract will do anything that will have the effect of interfering with the right of the other party to receive the fruits of the contract. Defendants violated this implied covenant by failing to ensure that commission payments were properly paid. Defendants' conduct led to the loss or substantial delay of commissions owed to Plaintiff and Class members.

62.  Defendants unreasonably and unfairly interfered with Plaintiff and Class members' right to receive the benefits of the Contract.

63.  Defendants breached their duty of good faith and fair dealing under the Contract by failing to pay Plaintiff and Class members in accordance with the terms of the implied Contracts and the contracts for which Plaintiff and Class members were third party beneficiaries, by failing to pay commissions, failing to pay commissions in a manner in which they could be attributed to the sales of health insurance policies by Plaintiff and Class members, and substantially delayed the payment of commissions.

64. Defendants' breach of the duty of good faith and fair dealing has proximately caused damage to Plaintiff and Class members. Damages include but are not limited to, the loss of commissions and the significant delays in the receipt of commissions.

65. Plaintiff and Class members are entitled to recover monetary damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

A. Actual and compensatory damages, with interest;

B. Restitution, disgorgement, and other equitable monetary relief;

C. Attorneys' fees, litigation expenses, and costs;

D. Any other relief this Court deems equitable and just.

## COUNT IV
## (UNJUST ENRICHMENT)

66. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

67. In the event that the Court finds that there is no other clear, full, adequate and complete legal remedy available to Plaintiff and Class members that is a complete, practical, and efficient as an equitable remedy, Defendants should be liable to Plaintiff under the theory of unjust enrichment.

68. Defendants was unjustly enriched by the receipt of insurance premiums for policies solicited and sold by Plaintiff and Class members, without making a corresponding timely payment of commissions to Plaintiff and Class members.

69. Defendants' enrichment was at the expense of Plaintiff and the Class members.

70. It would be unjust for Defendants to keep the benefits of Plaintiff and Class

members under the circumstances.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

A. Relinquishment of Defendants' unjustly retained premium payments, to the extent needed to compensate Plaintiff and Class members for their losses;

B. Actual and compensatory damages, with interest;

C. Restitution, disgorgement, and other equitable monetary relief;

D. Attorneys' fees, litigation expenses, and costs;

E. Any other relief this Court deems equitable and just

## COUNT V
## (NEGLIGENCE)

71. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

72. Defendants owed a duty to Plaintiff and Class members to properly account for all health insurance policies sold by each insurance agent and make commissions payments in a manner that the Brokers could identify which commission payment was attributable to which insurance agents' sales.

73. Defendants also owed a duty to Plaintiff and Class members to refrain from actions that would have a negative impact on the resulting commissions that would be generated from the sale of their health insurance policies.

74. Defendants breached their duties by failing to properly account for all health insurance policies sold by Plaintiff and Class members and failed to make payment of commissions to Brokers and ultimately Plaintiff and Class members.

75. Defendants' misconduct was a proximate cause of Class members' damages.

Damages include, but are not limited to, the loss of commissions and significant delays in the receipt of commissions.

76. As a result of Defendants' conduct, Plaintiffs were damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

A. Actual and compensatory damages, with interest;

B. Restitution, disgorgement, and other equitable monetary relief;

C. Attorneys' fees, litigation expenses, and costs;

D. Any other relief this Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff and Class members request a jury trial on all counts for which a trial by jury may be permitted.

RESPECTFULLY SUBMITTED May 10, 2024.

**WEILER LAW, PLLC**

By: /s/ James Weiler
    5050 N. 40th St., Suite 260
    Scottsdale, AZ 85018
    Attorneys for Plaintiffs